(Ashtabula Co., O., Court of Common Pleas.)

THE PEOPLE'S BUILDING & LOAN ASSOCIATION v. JOHN HANSON, COUNTY TREASURER, et al.

(1.) In enforcing the lien for the Dow Tax it is sufficient for the county treasurer to allege in his petition that the tax stands charged on the duplicate against the premises—describing them—the amount thereof, and that the same are unpaid.

(2.) The lien for the Dow Tax is superior to prior mortgage liens for the amount of tax only which the act in force called for at the time the mortgage lien was created.

(3.) Under the amended act of February 20, 1896, in which the amount of the tax was raised from $250, to $350, the lien is superior to prior liens which became liens prior to the passage of the amended act, and while the original act was in force, for the sum of $250 and the penalties and interest thereon only; but the tax for the extra $100 is valid against the person upon whom it was assessed, and the lien therefor is superior to all liens created after its passage, except prior liens for taxes.

(Decided Dec. 20, 1897.)

---

HOWLAND, J.

The question involved arises under the Dow Law.

The plaintiff brings this action, to foreclose two mortgages—the first was executed by the defendants, John Hanson and wife, and became a valid lien on the 10th day of January, 1894, upon the premises therein described—the second, on March 1st, 1894. The other defendants have filed cross-petitions, seeking to foreclose liens and to determine the priority thereof—the defendant Newell & Son, to foreclose a mortgage, which became a valid lien November 18, 1896—the defendant Harrington, to foreclose liens upon certificates of sales for taxes, for the years 1893 and 1894, which became liens on the day preceding the second Monday in April, of each of those years, sec. 2838, Rev. Stats. The county treasurer to foreclose a lien which attached to said premises for a Dow tax, for the year 1896, as of the fourth Monday in May, of that year, section 2, Dow Law.

The defendant Hanson, has filed answers to the petition, and to the cross-petition of Harrington. To those answers, replies have been filed in each case. No other pleadings have been filed. The case has been heard and submitted. We find upon the issues between the plaintiff and the defendants John Hanson and wife, in favor of the

plaintiff— that the amount due the plaintiff is secured by said mortgages, which became valid liens as hereinbefore stated.

We find upon the issues between the defendants Hanson and Harrington, in favor of Harrington. There is no answer to the cross-petition of the county treasurer. The question is raised, by the defendants Hanson and Harrington, by objection in argument, that the treasurer has not stated sufficient facts in his cross petition, to entitle him to any relief. It is a short and very brief pleading—was drawn under the provisions of sec. 1104, Rev. Stat., which are made applicable to the enforcement of the lien in collecting the Dow tax—secs. 4 and 7, of that act. It is provided in sec. 1104, "That the treasurer having made proper parties, it is sufficient for him to allege in his petition that the taxes and assessments stand charged on the duplicate, against said premises—the amount thereof—that the same are unpaid, and he shall not be required in the petition, to set forth any other or further special matter relating thereto. The form of this cross-petition is therefore made, by the express provisions of that section, sufficient in this case, to entitle the treasurer to the relief therein asked.

It is claimed in argument, that the tax lien does not extend back of the fourth day of May, 1896, when it first attached as a lien, and therefore is subject to the prior mortgage liens of the plaintiff. The question, whether a mortgage *might* be made under such circumstances, that it would be held in equity, to be superior to a subsequent lien for a Dow tax—though argued—is not raised in this case. If such a defense could, under any circumstances be maintained in equity, we hold the burden would be upon the party claiming it, to plead and prove the facts relied upon to sustain it.

The amount mentioned in the Dow law, is an assessment upon the traffic in intoxicating liquors, which is to be collected as a *tax*—State v. Hipp, 38 Ohio St., 199; State v. Frame, 39 Ohio St., 399; Adler v. Whitbeck, 44 Ohio St., 539.

The contention in this case is, did the lien for the Dow tax of 1896, which became a lien as of the fourth Monday of May of that year, take precedence over the plaintiff's mortgages, which became valid mortgage liens more than two years prior to the time the tax lien attached to the mortgaged premises?

All laws in force, at the time and place a contract is made, and where it is to be performed, which in their nature are applicable, enter into and become a part of the contract, Walker v. Whitfield, 16 Wallace, (U. S.), 314; Insurance Co. v. Leslie, 47 Ohio St., 409, opinion page 414; Simpson v. Servis, 3 C. C., 433.

Secs. 2838, 2853, 2854, 1104, 2285, 6044 and 6090, Rev. Stats., are each applicable and were in force at the time the Dow law was enacted, and when each and all the mortgages mentioned were executed and became liens. The Dow law and the plaintiff's mortgages are, therefore to be construed with these sections of the statutes. Secs. 6044 and 6090, provide:—"That taxes and assessments and the liens for them, are preferred over liens securing the claim of general creditors." Sec. 2285, provides:—"That special assessments shall be payable by the owners of the property assessed, by the time stipulated in the ordinance, and shall be a lien from the date of the assessment, upon the lots assessed." The assessments under this section are given precedence over prior liens by mortgage for purchase money, Brewing Co. v. Westmier et al., 4 C. C. 296; Clifton v. The City, 3 Law Bull., 272.— Sec. 2838, provides, "The lien of the state for taxes levied for all purposes in each year, shall attach to all real property subject to such taxes on the day preceding the second Monday of April, annually, and shall continue until such taxes, with any penalty which shall accrue thereon, shall be paid" Sec. 2853, provides:—"That any lien holder may pay the taxes, so far as the same are a lien upon the mortgaged premises, and hold a lien therefor, preferred to all other liens. Sec. 2854, provides:—That in all judicial sales the court shall order the taxes and penalties, and interest thereon, to be discharged out of the proceeds of said sale." Sec. 4, Dow law, provides:—"That on failure of the county treasurer to make the amount due and unpaid thereon by levy, or any part thereof, the county auditor shall place the amount due and unpaid upon the tax duplicate, against the real estate in which the traffic is carried on, and *the same shall be collected as other taxes and assessments on said premises.*"— Sec. 7, Dow law, provides:—"That if the tax is not paid when due, the county treasurer is directed to proceed under sec. 1104, to enforce the lien therefor upon the real estate." Sec. 1104 provides:—"That the county treasurer may enforce the lien for the tax or assessment, by *a civil action*, in his own name *as treasurer for the sale of said premises*, in the court of common pleas of the county, without regard to the amount claimed, in the same way mortgage liens are enforced."

The proceeding prescribed in that section, to enforce the lien, is the "Civil Action" of the code. The proper parties therein referred to, are those required by secs. 5006, 5007 and 5013, of the code. The Dow tax for 1896, had attached, and was a valid subsisting lien, upon the mortgaged premises, at and before this

action was commenced. The county treasurer, was therefore not only a proper, but he was a necessary party to this action—he has filed his cross-petition, which we find is in full compliance with the provisions of sec. 1104, which further provides: "That the court shall order a sale of the premises, and order the tax, penalties and interest thereon, *to be first paid* out of the proceeds of the sale." By the sections referred to, the state is not only given a lien, for all unpaid taxes; but that lien is given precedence over all others. In a civil action in which all persons holding liens are made parties, the court is required to order a sale of the premises, and to order the proceeds of the sale *to be first applied to the payment of the lien for taxes*; thereby giving a lien, for any tax or assessment, precedence over all other liens, whether prior or subsequent thereto.

The question is also raised in this case, whether the act amending the Dow Law, is applicable to this case, and if so, to what extent, and how. The amending act was passed more than two year after the execution of the plaintiff's mortgages, and before the execution of the mortgage to Newell and Son.

In that act the amount of the assessment was increased from $250., which was the amount in the original act at the time the plaintiff's mortgages were executed, to $350.

That the defendant Hanson is personally liable for the whole amount or $350., under the amended act, cannot be denied or controverted; but does the $100 increased assessment in the amended act, date back and take precedence over the plaintiff's mortgages which became valid liens two years and more before the passage of the amendatory act. If so, the rights of the plaintiff under his mortgages could not be determined by the laws in force when the contract for these loans was made; but was subject to the contingency of any increase of assessments, and a corresponding reduction of his security by subsequent legislation. If $100 can be legally legislated out of the security for his claim, then other reductions may be made in that way without limit.

The language used in the amending act, does not justify such an application of it; there is nothing in the act to indicate that the legislature intended to give to it, any retrospective effect. Such a construction would give to the act, a retroactive operation impairing the obligation of the plaintiff's contract, which is prohibited by section 28, article 2 of the constitution.

A retroactive law, which is prohibited by sec. 28 article 2 of the constitution, may be defined to be a law, which by its terms, takes away or impairs vested rights acquired under existing law; or creates a new obligation; or imposes a new duty; or attaches a new disability; or an additional burden in respect to transactions, or conditions already passed. Braden et al. v. Holden, Adm'r. 17 Ohio St., 207—opinion, 210.

All laws intended to affect the conduct or acquisition of rights by the citizen, should have a prospective application only. Gazer, Treas. v. Prout, 48 Ohio St., 106.

We therefore hold that the amount of the assessment which takes precedence of the plaintiff's mortgage liens is governed by the act, as it was at the time the mortgages where executed and the contract for the loan was made. The lien of the county treasurer attached to said premises as of the fourth Monday of May, 1896, and takes precedence over the prior mortgage liens of the plaintiff, which became valid liens two years and more prior thereto, but it is limited to the amount of $250., contained in the original act, and the penalties and interest thereon to the first day of this term of court. The lien of the defendant Harrington, and of the county treasurer, are both for taxes—Harrington's is the first in time, and therefore is the first lien; that of the county treasurer for $250., penalty and interest thereon, is the second; that of the plaintiff upon the first mortgage described in the petition is the third; that for the second mortgage is the fourth; that of the county treasurer for the increased $100 under the amended act is the fifth lien; that of Newell & Son mortgage is, the sixth lien.

It is therefore ordered, that the real estate described in the petition be sold; that out of the proceeds of the sale costs of this proceeding be first paid, and the liens in the order of their priority as herein found and stated be paid, and the balance, if any, be brought into court to await the further order thereof. To which holding the plaintiff, by his attorneys, and the defendant, Newell & Son excepted.

Hoyt & Munsell, for plaintiff.
Geo. D. Parker, for defendant Hanson.
Theodore Hall, for defendant Newell & Son.
H. E. Starkey, for County Treasurer.
John Harrington, for defendant Harrington.